IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITY STORAGE PROPERTIES, )
a partnership; SECURITY PORTFOLIO I, )
a partnership; SECURITY PORTFOLIO IV, )
L.P., a Kansas limited partnership; and )
SECURITY PORTFOLIO V, L.P., a )
Kansas limited partnership, )
)
                Plaintiffs, )
)
v. ) No.  09-1036-WEB-DWB
)
SAFECO INSURANCE COMPANY )
OF AMERICA, )
)
                Defendant. )
)

**Memorandum and Order**

Plaintiffs filed this action in the District Court of the 18th Judicial District, Sedgwick County, Kansas, seeking a declaratory judgment concerning the parties' rights under an insurance policy.  Doc. 1, Exh. A.  On February 17, 2009, defendant Safeco Insurance Company removed the action.  The Notice of Removal alleges that complete diversity exists between the parties and the amount in controversy exceeds $75,000, such that federal diversity jurisdiction exists and removal is proper.  Doc. 1.  The matter is now before the court on plaintiffs' motion for remand, which argues that the Notice of Removal failed to properly show that the amount in controversy exceeds the jurisdictional threshold.  Alternatively,  plaintiffs argue the court should decline to exercise jurisdiction over a declaratory judgment matter.  For the reasons set forth herein, the court finds that the motion to remand should be denied.

I. *Facts*.

1. This is an action seeking a declaratory judgment. (Notice of Removal at ¶ 5).

2. Plaintiffs filed this action in the District Court of Sedgwick County, Kansas, on February 11, 2009. (Notice of Removal at ¶ 1).

3. Defendant filed its notice of removal of the action to this court on February 17, 2009. (Notice of Removal). The only asserted ground for removal is diversity jurisdiction pursuant to 28 U.S.C. 1332(a).

4. The parties agree that Defendant sold and delivered a policy of insurance to Plaintiffs in Kansas, which policy insures property located in Kansas and other states. (Petition at ¶¶ 6-7, Answer at ¶¶ 3-4).

5. The parties agree that Plaintiffs made claims for loss to insured property in Houston, Texas; and Defendant responded by partially paying said claims. (Petition at ¶¶ 9-11, Answer at ¶ 6).

6. The subject insurance policy contains endorsements regarding appraisal as a method of determining the amount of the loss: under the Texas endorsement, the policyholder or the insuror can unilaterally require appraisal; under the Kansas endorsement, appraisal is required only if the insuror and the policyholder agree to that procedure. (Petition at ¶13, Answer at ¶ 8).

7. The parties agree that Defendant has demanded that Plaintiffs submit their claims to appraisal. (Petition at ¶ 14, Answer at ¶ 9).

8. Plaintiffs contend that, because the subject insurance policy was sold and delivered in Kansas to Kansas domiciled insureds – and because the Kansas and Texas endorsements to the

subject insurance policy are conflicting (i.e., ambiguous) – Plaintiffs are entitled to elect not to submit their claims to appraisal. (Petition at ¶ 15). Defendant contends the Texas endorsement is controlling, and Plaintiff's must submit their claims to appraisal. (Answer at ¶ 10).

9. Plaintiffs' Petition seeks a judicial declaration of the parties' respective rights and obligations under the subject insurance policy. Specifically, Plaintiffs seek a declaration that the policy is ambiguous with respect to appraisal, and Plaintiffs cannot be required to submit their claims to appraisal. (Petition).

10.  Defendant's Notice of Removal included a copy of plaintiffs' Verified Petition and its attachments.  The attachments include four letters from the defendant to the plaintiffs.  The letters are specifically cited in the Petition.  *See* Doc. 1, Exhs. A-D.

II.  *Motion to Remand*.

Plaintiffs argue the defendant has failed to meet its burden of establishing jurisdiction because the Notice of Removal did not contain facts showing that the amount in controversy exceeds $75,000.  Relying on *Boeing Wichita Credit Union v. Wal-Mart Real Estate Business Trust*, 370 F.Supp.2d 1128 (D. Kan. 2005), plaintiffs note that a conclusory assertion in the Notice of Removal is not sufficient to show jurisdiction.  Moreover, they contend the removing party must allege facts giving rise to a conclusion that the amount in controversy is sufficient in the Notice of Removal itself, not in a later document.  *See e.g., Freebird, Inc. v. Merit Energy Co.*, 597 F.Supp.2d 1245, 1247 (D. Kan. 2009).  They argue defendant has failed to do so, and that the action must be remanded.  Alternatively, plaintiffs note that the court has discretion not to entertain a declaratory judgment action, and they argue that the *"Brillhart/Mhoon"* factors weigh in favor of declining to exercise federal jurisdiction.

The defendant opposes remand, arguing the amount in controversy was properly established in the Notice of Removal and in attachments to Plaintiffs' Petition. Defendant contends the attachments show that the dispute involves a controversy exceeding $75,000. Furthermore, defendant contends the factors relating to the exercise of discretionary power under the Declaratory Judgment Act do not weigh in favor of a remand.

III. *Discussion*.

Federal courts are courts of limited jurisdiction with specific jurisdictional requirements, thus parties seeking to bring their case in federal court must successfully allege that court's jurisdiction. *Freebird, Inc. v. Merit Energy*, 597 F.Supp.2d 1245, 1247 (D. Kan. 2009). There is a presumption against removal jurisdiction, and removal statutes are strictly construed, with any doubts resolved in favor of remand. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A civil action is removable if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). Original diversity jurisdiction exists if the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds the jurisdictional minimum. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). *See also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). In cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *See Lovell v.*

*State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir.2006).

Plaintiff's Verified Petition, which is attached to the Notice of Removal, seeks a declaratory judgment concerning plaintiffs' rights under an insurance policy. No damages are prayed for, although the Petition includes a request to amend the pleading to seek monetary damages if the court construes the policy in plaintiffs' favor. The Petition also includes a request for statutory attorney's fees. Attached to the complaint are four letters from the defendant setting forth its estimate of roof repairs. The defendant provided an estimate to the plaintiffs for a total of $118,657.94 in repairs to roofs covered by the insurance policy. A fair inference from the letters is that the plaintiffs contend that complete replacement of the roofs, rather than partial repairs, are owed under the policy, and that the sum that plaintiffs claim they are owed under the policy well exceeds the foregoing estimate.

The court concludes that the Notice of Removal – when considered with the Petition and its attachments – is sufficient to show that the amount in controversy exceeds $75,000. *Cf. McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (documentation other than the complaint can provide basis for determining the amount in controversy; "where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000."). The letters attached to plaintiffs' Petition satisfy the court that the amount in controversy exceeds the jurisdictional threshold. The amount in controversy is an estimate of the amount that will be put at issue in the course of the litigation. *McPhail*, 529 F.3d at 956. The letters show that the value of the relief sought by plaintiffs substantially exceeds $75,000. Under the circumstances, the court finds defendant has met its burden of showing that the case is

properly removable.

District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The court has considered plaintiffs' arguments that the court should refrain from exercising jurisdiction, including the so-called "*Brillhart* factors" (*Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)), but even assuming that test should be applied in this context, it does not warrant remand of the action. A declaratory judgment will clarify the parties' legal relations and effectively settle the controversy. There is no showing of a "race to the courthouse" or of duplicative or parallel litigation. Nor is there any evidence that resolving this action would improperly encroach on state jurisdiction, merely because the dispute involves the application of state law.

IV. *Conclusion*.

Plaintiffs' Motion for Remand (Doc. 4) is DENIED. IT IS SO ORDERED this  18th  Day of May, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge