IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITY STORAGE PROPERTIES, )
a partnership; SECURITY PORTFOLIO I, )
a partnership; SECURITY PORTFOLIO IV, )
L.P., a Kansas limited partnership; and )
SECURITY PORTFOLIO V, L.P., a )
Kansas limited partnership, )
                                                                                                  )
              Plaintiffs, )
                                                                                    )
v. )   No. 09-1036-WEB-DWB
                                                                                  )
SAFECO INSURANCE COMPANY )
OF AMERICA, )
                                                                                  )
              Defendant. )

**Memorandum and Order**

      Plaintiffs filed this action seeking a declaration of the parties' rights under an insurance policy. The matter is now before the court on the parties' cross-motions for summary judgment. The issue presented turns on whether the policy requires the plaintiffs to submit their claims of loss through a binding process of appraisal or whether the policy allows them to elect to forego that process.

      I. *Statement of Uncontroverted Facts*.

      1. Defendant Safeco issued policy number SM7874679H for the policy period beginning 11-01-2007 to 11-01-2008 ("the policy") to Security Storage Properties, a Kansas partnership, to insure certain mini-storage facilities throughout the United States. The policy, sold and delivered to the insured in Kansas, insured property located in Texas and in several other states. Relevant to this case, the policy insured property located at: 1) 1611 DairyAshford, Houston, Texas, 2)

7255 Sam Houston Parkway S., Houston Texas, 3) 8100 S. Main, Houston, Texas, and 4) 9526-30 Westheimer, Houston, Texas.

2. The policy was in full force and effect on September 13, 2008 when plaintiffs maintain the roofs on storage buildings at the four Texas locations were damaged by wind.

3. Defendant responded to the loss by paying a portion of plaintiffs' claims for damage to each of the four Texas properties.

4. Because the parties disagreed as to the amount of the losses, Safeco requested that plaintiffs engage in the appraisal process to resolve their claims, pursuant to the policy, in letters dated January 16, 2009 and received by plaintiffs on January 26, 2009.

5. Plaintiffs refused to engage in the appraisal process and filed the Verified Petition for Declaratory Judgment and Application for Restraining Order on February 20, 2009. Defendant removed this action to this Court on February 17, 2009. This Court denied plaintiff's Motion for Remand on May 18, 2009.

6. The policy contains the following Texas endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**TEXAS AMENDATORY ENDORSEMENT**

. . .

**CONDITIONS**

. . .

**B. CONDITIONS APPLICABLE TO PART ONE**

2. **Appraisal** is replaced by the following:

2. **Appraisal**
If we and you disagree on the amount of "loss", either may make written demand for an appraisal of the "loss." In this event, each party will select a competent and impartial appraiser within 20 days of the receipt of the written demand. The two appraisers will select an umpire. If they cannot agree within 15 days either may request that selection be made by a judge of a court having jurisdiction. The

appraisers will state separately the amount of the "loss." If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two of the appraisers and the umpire will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

7. The policy contains the following Kansas endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDATORY ENDORSEMENT KANSAS CHANGES**

...

CONDITIONS

...

B. Conditions Applicable to Part One

Condition 2. is replaced by the following:

2. Appraisal
If you and we disagree on the amount of the loss, either may make written demand for an appraisal of the loss. **However, an appraisal will be made only if both of you and we agree, voluntarily, to have the loss appraised**. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of the loss. If they fail to agree, they will submit their differences to the umpire. **A decision agreed to by any two will be binding**. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

8. On February 19, 2009, Plaintiffs' counsel sent correspondence to Safeco's counsel stating, inter alia:

Without waiving the right to contest involuntary appraisal, while preserving the right to elect not to participate in appraisal according to the Kansas endorsement to

the policy; and while reserving the right to restrain Safeco from proceeding with appraisal until a court has determined the pending issues, Security Storage Properties, Security Portfolio I, Security Portfolio IV, L.P.. and Security Portfolio V, L.P. hereby give notice that. to the extent all or any of those entities is legally obligated to proceed with involuntary appraisal (which is denied) each appoints Darren Ward, 2209 West Harry, Wichita, Kansas, phone number 316.262.4758 as its appraiser.

II. *Summary of Arguments*.

Safeco's initial memorandum conceded that "Kansas law applies to this Court's interpretation of the Safeco policy" by virtue of the Kansas rule of *lex loci contractus*. Doc. 14 at 5. Citing the Kansas rule that a plain and unambiguous contract must be enforced according to its terms, Safeco argues that "the only reasonable conclusion is that each state-specific endorsement is intended to modify the terms as those terms apply to insured property in the specific state referenced in the endorsement." *Id.* at 6. It says this is so because the endorsements modify the coverage in Part One of the policy, which applies only to the specified locations in the declarations page. Safeco notes that the policy includes nine different state-specific endorsements that correspond to the states where plaintiffs' insured property is located (it says there was no insured property in one state), and it contains no endorsements for any state in which no insured property is located. It also says the endorsements refer to state laws that have no applicability outside that specific state, and that the declarations pages separately identify each property's location, all of which allegedly show that the Texas endorsement applies to claims relating to insured property in Texas. Safeco notes that mandatory appraisal clauses of the type in the Texas endorsement are not contrary to Texas public policy and have been enforced by Texas courts. It further argues – contrary to plaintiffs' argument – that no ambiguity or conflict is created by the differences in the Texas and Kansas endorsements, because only the Texas endorsement applies

4

to plaintiffs' claims.

Plaintiffs contend Kansas law prohibits mandatory appraisal provisions of the type in the Texas endorsement. *Citing* K.S.A. § 5-401; *Friday v. Trinity Universal of Kansas*, 262 Kan. 347, 939 P.2d 869 (1997). Thus, even if the Texas endorsement applied (which plaintiffs dispute), they contend it would be unenforceable under Kansas law. Furthermore, plaintiffs argue that because the Kansas and Texas endorsements each purport to amend the same provisions of the policy, the two provisions are "ambiguous or uncertain, conflicting, or susceptible of more than one construction" such that the construction favorable to the insured must prevail. Plaintiffs dispute Safeco's claim that each state endorsement applies to claims on insured property in that state, pointing out that the policy contains no such language. Plaintiffs contend Safeco's motion for summary judgment should be denied, and that plaintiffs' motion for summary judgment should be granted. Plaintiffs ask the court to declare the policy ambiguous as to whether appraisal is mandatory and, additionally, to find that plaintiffs have elected not to submit their claims to appraisal and that they cannot be compelled by Safeco to do so.

Safeco's reply brief, contrary to its initial brief, asserts that Kansas would not apply *lex loci contractus* in this situation, but would determine the governing law by looking to the law of the place of performance. *Citing Layne Christensen Co. v. Zurich Canada*, 30 Kan.App.2d 128, 38 P.3d 757 (2002). Safeco further argues that the place of performance is Texas – because "Safeco's duty to pay for storm damage to plaintiffs' Texas properties arose in Texas" and the policy "obligates Safeco to respond in Texas by adjusting the loss at those locations" – such that the court should apply Texas law to the dispute. Doc. 21 at 2-3, 5. Safeco concedes the policy does not contain an express choice of law provision, but again argues the state-specific

5

endorsement "demonstrates the parties' intention that the law of the state where the property is located shall apply to claims arising in those states." *Id.* at 5.

III. *Standards Governing Summary Judgment*.

The standards and procedures for summary judgment are well established. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Fed.R.Civ.P. 56(c).

IV. *Discussion*.

Jurisdiction over this matter is based on diversity of citizenship between the parties; the court therefore applies the substantive law of the forum state (Kansas), including its choice-of-law rules. *See Klaxon Co. v. Stenton Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *K.R. Smith Trucking, LLC, v. Paccar, Inc.*, 2009 WL 3488064 (D. Kan., Oct. 23, 2009).

As noted in *Layne Christensen Co. v. Zurich Canada*, 30 Kan.App.2d 128, 38 P.3d 357 (2002), Kansas courts apply the Restatement (First) of Conflict of Laws (1934) to resolve choice of law issues. *See also ARY Jewelers, L.L.C. v. Krigel*, 277 Kan. 464, 482, 85 P.3d 1151 (2004). Under the Restatement (First), there are two general rules for determining choice of law in contract cases: (1) law of the place of contracting and (2) law of the place of performance. "When the question raised goes to the substance of the obligation, Kansas courts apply the primary ruled contained in section 332, *lex loci contractus*, which calls for the application of the law of the state where the contract is made." *Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir.

2009) (citations omitted).[1]  "It is only when the question goes to the manner and method of performance that the law of the place of performance applies."[2]  *Id*.

The distinction between these two concepts is not always clear, but the inquiry is aided by resort to a "practical line" between them:

> When the application of the law of the place of contracting would extend to the determination of the minute details of the manner, method, time and sufficiency of performance so that it would be an unreasonable regulation of acts in the place of performance, the law of the place of contracting will cease to control and the law of the

---

[1] Section 332, entitled "Law Governing Validity of Contract," provides:
The law of the place of contracting determines the validity and effect of a promise with respect to:
  (a) capacity to make the contract;
  (b) the necessary form, if any, in which the promise must be made;
  (c) the mutual assent or consideration, if any, required to make a promise binding;
  (d) any other requirements for making a promise binding;
  (e) fraud, illegality, or any other circumstances which make a promise void or voidable;
  (f) except as stated in §358, the nature and extent of the duty for the performance of which a party becomes bound;
  (g) the time when and the place where the promise is by its terms to be performed;
  (h) the absolute or conditional character of the promise.

The uncontroverted facts show that the policy in the instant case was delivered to the plaintiff in Kansas.  Thus, as Safeco concedes, the place of contracting is Kansas.  *Layne Christensen*, 30 Kan.App.2d at 144 (insurance contract is made where policy is delivered).

[2] Section 358, entitled "Law Governing Performance," provides:
The duty for the performance of which a party to a contract is bound will be discharged by the compliance with the law of the place of the performance with respect to:
  (a) the manner of performance;
  (b) the time and locality of performance;
  (c) the person or persons by whom or to whom the performance shall be made or rendered;
  (d) the sufficiency of performance;
  (e) excuse for non-performance.

7

> place of performance will be applied. On the other hand, when the
> application of the law of the place of performance would extend to
> a regulation of the substance of the obligation to which the parties
> purported to bind themselves so that it would unreasonably
> determine the effect of an agreement made in the place of
> contracting, the law of the place of performance will give way to
> the law of the place of contracting.

*Moses*, 581 F.3d at 1252 (quoting Restatement (First) of Conflict of Laws, Cmnt. b (1934)).

The court concludes that the question presented relates to the substance and effect of the contract, not merely to a detail concerning the manner of performance, and thus calls for interpretation of the agreement under the laws of Kansas, the place of contracting. The court must examine the policy language, including the Kansas and Texas (and other state) endorsements, to ascertain whether the agreement includes an obligation on plaintiff's part to submit disputed losses to binding appraisal as a condition of defendant's obligation to pay on the policy. Whether the contract imposes such an obligation is determined in accordance with the Kansas rules for interpretation of an insurance policy:

> " 'The language of an insurance policy, like any other contract, must, if possible, be construed in such way as to give effect to the intention of the parties. In construing a policy of insurance, a court should consider the instrument as a whole and endeavor to ascertain the intention of the parties from the language used, taking into account the situation of the parties, the nature of the subject matter, and the purpose to be accomplished.
>
> " 'Because the insurer prepares its contracts, it has a duty to make the meaning clear. If the insurer intends to restrict or limit coverage under the policy, it must use clear and unambiguous language; otherwise, the policy will be liberally construed in favor of the insured. If an insurance policy's language is clear and unambiguous, it must be taken in its plain, ordinary, and popular sense. In such case, there is no need for judicial interpretation or the application of rules of liberal construction. The court shall not make another contract for the parties and must enforce the contract as made.

> " 'However, where the terms of an insurance policy are ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail.' "

*American Family Mut. Ins. Co. v. Wilkins*, 285 Kan. 1054, 1058-59, 179 P.3d 1104 (2008) (citations omitted).

The Kansas and Texas endorsements contain contradictory appraisal provisions; thus both cannot apply to a given claim. And since the policy nowhere contains an express explanation of how or when a state-specific endorsement applies, the question is whether the policy as a whole discloses the parties' intent to have one endorsement or the other apply in the current circumstances. Safeco argues the structure of the policy shows an intent to apply the Texas endorsement whenever property damage claims are made on insured properties located in Texas. While that is a reasonable possibility, it is not the only reasonable construction. A reasonable insured could understand the state-specific endorsements to mean that the applicable provision is dependent upon the place of contracting or the residence of the insured, with the Kansas endorsement applicable to a policy made and delivered to an insured in Kansas, and the Texas endorsement applicable to a policy delivered to an insured in Texas. Similarly, an insured could reasonably interpret the policy to mean that selection of the applicable endorsement depends upon the place where an action on the contract is filed, with the Kansas endorsement applicable to a lawsuit filed in Kansas and the Texas endorsement applicable to an action filed in Texas, so as to ensure that the policy complies with the law of the forum state. *Cf. Travelers Cas. & Surety Co. v. Honeywell Intern., Inc.*, 63 A.D.3d 451, 880 N.Y.S.2d 66 (2009); *Humbert v. United Ohio Ins. Co.*, 154 Ohio App.3d 540, 798 N.E.2d 25 (2003) ("the mere presence of state-specific endorsements in an insurance policy is not an affirmative choice of the law of any particular

state" under Restatement(Second) of Conflicts of Law).  The inclusion of such state-specific endorsements may imply one particular application to individuals in the insurance industry, but the actual terms of this policy are susceptible to more than one reasonable construction, and nothing in the policy necessarily ties application of the Texas endorsement to any damage claim arising out of property located in that state. *See American Family Mut. Ins. Co., supra*, 285 Kan. at 1059 ("The test in determining whether an insurance contract is ambiguous is not what the insurer intends the language to mean, but what a reasonably prudent insured would understand the language to mean.").

The policy is ambiguous in this respect, and the court therefore applies the interpretation favorable to the insured.  Because the policy fails to make clear that the Texas rather than the Kansas endorsement was intended to apply in these circumstances, the court concludes that the Kansas endorsement must be applied to the plaintiffs' claim.  The Kansas endorsement does not require the plaintiffs to submit to binding appraisal without its consent.  And the uncontroverted facts show that plaintiffs have elected not to submit their losses to appraisal.

V. *<u>Conclusion</u>*.

Defendant Safeco Insurance Company's Motion for Summary Judgment (Doc. 13) is DENIED.  The Motion for Summary Judgment of plaintiffs Security Storage Properties, Security Portfolio I, Security Portfolio IV, L.P., and Security Portfolio V, L.P. (Doc. 20) is GRANTED. IT IS SO ORDERED this ___12th___ day of May, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge
